United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 13, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-60219
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RODERICK STUTTS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:04-CR-78-1
--------------------

Before SMITH, GARZA and PRADO, Circuit Judges.

PER CURIAM:[*]

Roderick Stutts was convicted by a jury on four counts of
possession with intent to distribute cocaine base, and he was
sentenced to 121 months of imprisonment on each count to run
concurrently and five years of supervised release. Stutts argues
that the Government failed to authenticate or establish the chain
of custody for the cocaine. Stutts contends that the prosecution
introduced no evidence from Clarence Ward that the drugs
introduced into evidence were in fact purchased from him. Ward
testified that each time he purchased crack cocaine from Stutts,

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

he immediately turned over the drugs to a task force agent, and his testimony was corroborated by the agents. Stutts has not shown that the jury could not have decided that the evidence was what the Government claimed it to be. See United States v. Casto, 889 F.2d 562, 568-69 (5th Cir. 1989). Stutts has not demonstrated that the district court abused it discretion in admitting the drug exhibits. See United States v. Polasek, 162 F.3d 878, 883 (5th Cir. 1998).

Stutts argues that the evidence was insufficient to support the verdict because the only evidence of his guilt came from Ward, "a paid informant, whose testimony was so inherently unreliable, unreasonable and improbable that no reasonable juror should have credited it." Stutts' argument is based on the alleged lack of credibility of Ward. This court's review for sufficiency of the evidence is not concerned with the credibility of witnesses or the weight of the evidence, which is the exclusive province of the jury. United States v. Garcia, 995 F.2d 556, 561 (5th Cir. 1993). As the Government points out, the jury was made aware of Ward's prior convictions, the current charges pending against him, and the fact that he was a paid informant, all factors that bore on his credibility. The jury chose to believe Ward, and this court does not reweigh such a decision. The judgment of the district court is AFFIRMED.